### KANE *v.* NEW YORK, N. H. & H. R. CO.

*(Supreme Court, General Term, Second Department.* May 12, 1890.)

1. RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS—EVIDENCE.
   While attempting to drive across defendant's tracks at a street crossing, plaintiff was struck by a train going south, the approach of which was obscured by a train going north. Plaintiff had been waiting to cross while the north-bound train was passing, and, seeing the gate go up, attempted to cross, but was shut in upon the track by the lowering of the gate on the opposite side. *Held,* that the question of his negligence was for the jury.

2. SAME—OPENING GATES.
   A charge that raising the gates was an assurance of safety, and an invitation for plaintiff to proceed, was not error.

Appeal from circuit court, Westchester county.

Action by Edward Kane against the New York, New Haven & Hartford Railroad Company to recover damages for personal injuries received while driving across defendant's railroad. The court refused to charge that defendant was not bound, as a matter of law, either to ring its bell or blow its whistle, and said they must do one or the other. There was a verdict for plaintiff for $2,000. From the judgment entered thereon, defendant appeals.

Argued before BARNARD, P. J., and PRATT, J.

*Page & Taft,* for appellant. *John H. Clapp,* for respondent.

PRATT, J. This is an appeal from a judgment and order refusing a new trial upon the minutes in an action to recover damages for personal injuries. The evidence was ample to warrant the submission of the case to the jury, and the verdict must stand unless some error to the prejudice of the defendant was committed upon the trial. The charge of the judge seems to have been quite as favorable to the defendant as the facts warranted.

The train that struck the plaintiff was coming from the north, and its ap-

proach was obscured by another train going north at the time the plaintiff attempted to cross the track. The plaintiff had been waiting to cross while the north-bound train was passing, and, seeing the gate go up, made the attempt to cross, but was shut in upon the track by the lowering of the gate on the opposite side of the track. He had stopped some 40 or 50 feet from the track, and apparently listened for an approaching train. Under the circumstances, it was a question for the jury whether he exercised due care at the time of the accident, and it was submitted to the jury under an unexceptionable charge.

The negligence of the defendant was sufficiently proved. The exception as to ringing the bell and blowing a whistle has no place in the case. Not a word has been said upon that subject in the complaint, or the charge of the judge. The whole issue as to defendant's negligence was with reference to the management of the gates, and therefore there was no issue or question in the case in respect to ringing a bell, and the request was utterly immaterial.

The charge that raising the gates was an assurance of safety, and an invitation for the plaintiff to proceed, was not error. *Palmer* v. *Railroad Co.*, 112 N. Y. 234, 19 N. E. Rep. 678; *Glushing* v. *Sharp*, 96 N. Y. 677. In the last-named case, Judge EARL, in his opinion, says: "The raising of the gate was a substantial assurance to him of safety,—just as significant as if the gateman had beckoned to him, or invited him to come on; and that any prudent man would not be influenced by it is against all human experience." We have examined all the exceptions, and find none sufficient to disturb the judgment.